## Case No. 15,768.

### UNITED STATES v. MILBURN.

[5 Cranch, C. C. 390.] [1]

Circuit Court, District of Columbia. March Term, 1838.

#### GAMING—FARO-BANK—INDICTMENT.

An indictment for keeping a "gaming-table," is insufficient; it should charge the keeping of a common gaming-table. An indictment for keeping a faro-bank is also bad; it should be a common faro-bank; or "a faro-bank, the same being a common gaming-table."

[Cited in Stettinius v. U. S., Case No. 13,387.]

[Cited in People v. Sponsler, 1 Dak. 289, 46 N. W. 460.]

Indictment [against George Milburn] containing two counts: 1st, That the defendant kept "a gaming-table, against the form of the statute," &c. 2d. That he kept "a faro-bank against the form of the statute," &c.

W. L. Brent, for defendant, demurred to the whole indictment, because neither count charges the keeping of a common gaming-table, or a common faro-bank, or a faro-bank, the same being a common gaming-table, and cited U. S. v. Cooly [Case No. 14,859], and U. S. v. Ringgold [Id. 16,167].

Mr. Key, contra, contended that it was sufficient to charge the offence in the words of the statute, and cited 1 Chit. 281. The words of the twelfth section of the penitentiary act are, "that every person duly convicted of keeping a faro-bank or gaming-table shall be sentenced to suffer imprisonment and labor, for a period not less than one year, nor more than five years."

But THE COURT (CRANCH, Chief Judge, contra, as to the second count) stopped Mr. Brent in reply, and quashed the indictment. See Archb. Cr. Pl. 24.